106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James La Vell HARRIS, Plaintiff-Appellant,
v.
Robert G. BORG; D. Escoto; K. O'Brian; L. Stafford;
Diane Kudo, Defendants-Appellees.
 No. 96-15075.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, AND KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James La Vell Harris, a California state inmate, appeals pro se the district court's grant of summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action alleging that prison officials violated his right of access to the courts and deprived him of equal protection of the laws in connection with the handling of his personal and legal mail. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a district court's grant of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine whether, viewing the evidence in the light most favorable to the nonmoving party, genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law. Id.
 
 A. Access to the Courts
 
 4
 Harris contends that the defendants, Folsom State Prison ("FSP") employees, denied him access to the courts while he was a FSP inmate based on an alleged delay in mailing a piece of legal mail to the State Bar of California's Office of Trial Counsel and on an alleged failure to deliver pieces of legal mail to several attorneys and personal mail to an acquaintance.
 
 
 5
 The district court properly granted summary judgment in favor of the defendants. First, regarding Harris's personal mail, failure to deliver personal letters does not implicate an inmate's right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 821 (1977) (stating that prisoners enjoy a constitutional right of access to the courts). Second, regarding his legal mail, Harris did not submit any evidence in opposition to the defendants' motion for summary judgment to support his claim that he sustained an actual injury based upon the defendants' alleged failure to deliver legal mail to his attorneys and alleged delay in delivering his letter to the Office of Trial Counsel. See Lewis v. Casey, 116 S.Ct. 2174, 2179-80 (1996) (stating that a right of access to the courts claim must be based on an actual injury). Accordingly, the district court properly granted summary judgment to the defendants on Harris's access to the courts claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (stating that summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and upon which that party will bear the burden of proof at trial).[1]
 
 B. Equal Protection
 
 6
 Harris also contends that the defendants violated his right to equal protection of the laws "in that the defendants, and each of them, failed to adhere to established procedure and law during the handling of appellant's personal and legal mail." Harris apparently believes that he was subjected to mail procedures different from those normally applied to prisoners at FSP in violation of his rights under the Equal Protection Clause of the Fourteenth Amendment. This claim fails. An inmate has no right under the Equal Protection Clause of the Fourteenth Amendment to be subject to mail procedures no more restrictive than those applicable to other prisoners. See Royse v. Superior Court, 779 F.2d 573, 575 n. 3 (9th Cir.1986). Accordingly, the district court did not err in granting summary judgment to the defendants.
 
 C. Due Process
 
 7
 Harris finally asserts that the magistrate judge "engaged in acts and conduct which violated appellant's rights to 'due process,' and 'access to the courts,' when the magistrate judge entered findings and rulings contrary to existing law; which prevented documented evidence from being heard in the District Court." This represents Harris's argument in full. He does not identify which findings and rulings he is referring to or explain how these findings and rulings were contrary to existing law. While we recognize that pro se appellate briefs should be liberally construed, see Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1988), and will not refuse to address an issue raised by a pro se litigant simply because he or she failed to follow the formal requirements for brief-writing, see id., it is difficult to address an issue unaccompanied by any argument whatsoever. Nevertheless, our review of the magistrate judge's findings and recommendations does not reveal any "findings and rulings contrary to existing law."
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Harris does not appear to appeal the district court's grant of summary judgment on his claim that prison officials violated his First Amendment right to be free from unjustified governmental interference with communication by failing to properly deliver his mail. See Wilcox v. Comm'r of Internal Revenue, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988) (arguments not addressed in a brief are deemed abandoned). To the extent that he does, the district court properly granted summary judgment to the defendants because Harris failed to present any evidence in opposition to the motion for summary judgment that prison officials deliberately tampered with his mail. See Stevenson v. Koskey, 877 F.2d 1435, 1440-41 (9th Cir.1989) (stating that negligent interference with inmate mail will not sustain a claim under 42 U.S.C. § 1983)